UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHN NIEDER,

        Petitioner,

    v.

F. X. CHAVEZ, Warden,

        Respondent.
_____/

No. C-11-5125 EMC (pr)

**ORDER ON INITIAL REVIEW**

## I.   INTRODUCTION

John Joseph Nieder, an inmate at the Sierra Conservation Camp in Jamestown, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.   BACKGROUND

Nieder's petition discloses the following: Nieder was convicted in the Sonoma County Superior Court of several sex offenses against minors, *see* Cal. Penal Code § 288.5, 289(j), 288.2, 311.4(c). On November 14, 2006, he was sentenced to a total of 28 years in state prison. He appealed. His conviction was affirmed by the California Court of Appeal in 2007. He did not file a petition for review in the California Supreme Court. Nieder filed several petitions for writ of habeas corpus in state court, all of which were denied.

///

///

Nieder then filed this action, seeking a writ of habeas corpus. The petition has a signature date of October 9, 2011, and came to the Court in an envelope postmarked October 11, 2011. The petition was stamped "filed" at the Court on October 19, 2011.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition.

If the petition is time-barred, the litigants and Court need not expend resources addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## IV. CONCLUSION

Good cause appearing therefor,

1. The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, on or before **April 13, 2012**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **May 18, 2012**.

4. Respondent may file and serve a reply on or before **June 4, 2012**.

5. The motion will be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

6. Petitioner's *in forma pauperis* application is **DENIED** because he has sufficient income to his trust account to pay the filing fee. (Docket # 4, #6).  Petitioner must pay the $5.00 filing fee no later than **March 30, 2012**.

IT IS SO ORDERED.

Dated: February 16, 2012

_____
EDWARD M. CHEN
United States District Judge