UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHN NIEDER,

    Petitioner,

    v.

F. X. CHAVEZ, Warden,

    Respondent.

No. C-11-5125 EMC (pr)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Joseph John Nieder filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Nieder has filed an opposition to the motion. For the reasons discussed below, the Court finds the petition to be untimely and dismisses it.

## II. BACKGROUND

Following a negotiated disposition, Nieder pled guilty to numerous sex offenses against children. On November 14, 2006, he was sentenced to a total of 28 years in prison. He appealed. Nieder's conviction was affirmed by the California Court of Appeal on April 30, 2007. Nieder did not file a petition for review in the California Supreme Court.

On April 17, 2010, Nieder filed a petition for writ of habeas corpus in the Sonoma County Superior Court. The superior court denied the petition on November 5, 2010 in a reasoned decision.

On January 10, 2011, Nieder filed a petition for writ of habeas corpus in the California Court of Appeal. The appellate court denied his petition without comment on January 12, 2011.

On February 14, 2011, Nieder filed a petition for writ of habeas corpus in the California Supreme Court. The California Supreme Court denied the petition on August 10, 2011, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998). *See* Resp. Ex. 6.

Nieder then filed this action, seeking a writ of habeas corpus. The petition has a signature date of October 9, 2011, came to the Court in an envelope postmarked October 11, 2011, and was stamped "filed" at the Court on October 19, 2011. As a *pro se* petitioner, Nieder receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the Court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume that he gave the petition to prison officials for mailing on the date he signed it, *i.e.*, October 9, 2011, and deem the federal petition filed as of that date.

Nieder has presented evidence showing that, with one exception, he was unable to gain access to a prison law library until about July 2009. He filed several administrative appeals asking for law library access and explaining to prison officials that he had been trying unsuccessfully to obtain access to the law library. While at San Quentin, he filed inmate appeals dated August 7, 2007, September 16, 2007 and December 26, 2007. *See* Docket # 3, pp. 6, 8 and 11. After he was transferred to High Desert State Prison, he filed inmate appeals dated July 8 and 15, 2008. *See id.* at 14, 16. In his inmate appeals dated December 26, 2007 and July 8, 2008, Nieder informed prison officials that he had hired an attorney to help him. His report of being represented by a lawyer caused prison officials to put him lower on the list for law library access. Specifically, prison officials informed him that, because he had a lawyer, he was not considered *pro se* and could not be a priority legal user ("PLU") who would get the highest priority access to the law library and instead would be classified as a general legal user ("GLU"). *See id.* at 15. He had been put on the law library access waiting list as a GLU and would "be scheduled to attend the Law Library in the order [his] request was received, as space is available and in accordance with institutional program." *Id.* Nieder states that he was not allowed to visit the prison law library until July 2009, when he was transferred to the Sierra Conservation Center.

///

///

2

### III. **DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on June 11, 2007, 40 days after the California Court of Appeal affirmed Nieder's conviction. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005); Cal. Rule of Court 8.366, 8.500; *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Nieder to file his federal petition was June 11, 2008. He missed that deadline by a few years, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "'A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 2566 (quoting *Pace*, 544 U.S. at 418); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). "Ordinary prison limitations on . . . access to the law library and copier" do not amount to extraordinary circumstances or make it impossible to file on time. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *see, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate

1  helpers who were transferred or too busy to attend to his petitions are not extraordinary
2  circumstances "given the vicissitudes of prison life"). A long-term denial of access to the law
3  library, like a long-term denial of access to legal materials, may support equitable tolling. *Cf.*
4  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (denial of access to
5  prisoner's legal materials during 11 months he was in administrative segregation supported equitable
6  tolling for prisoner who attempted to obtain those materials to prepare petition).

Nieder urges that his lack of access to the prison law library supports equitable tolling of the limitations period. He has made a persuasive showing that he was attempting to pursue his rights diligently and that he was only allowed to go to the law library once before July 2009.[1] The problem for Nieder is that, even if one accepts his reasoning, the excuse does not account for enough time to make his federal petition timely. Nieder's evidence indicates that he was unable to gain access to a law library until July 2009. Assuming for purposes of argument that the lack of access to the law library supported equitable tolling, the tolling would have stopped at the latest on July 31, 2009, when he gained access to a law library at the Sierra Conservation Center. The limitations period would have started on August 1, 2009, the day after the tolling event stopped.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions if the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Nieder does not receive enough statutory tolling to make his federal petition timely. By the time Nieder filed his first state habeas petition on April 17, 2010 – 259 days of the limitations period

---

[1] As the petition is untimely using even the most generous date – *i.e.*, July 31, 2009, when he finally gained access to a law library – the court need not decide whether the absence of law library access supports equitable tolling during the December 2007 - July 2008 time period when Nieder had the assistance of counsel. *See generally Waldrip v. Hall*, 548 F.3d 729, 737 (9th Cir. 2008) (questioning whether prisoner's lack of access to law library would matter if he was represented by counsel).

4

had passed. The limitations period was tolled during the pendency of the petitions in the superior court and the California Court of Appeal, as well as during the 66-day gap between the denial of the superior court petition and the filing of the petition in the California Court of Appeal. The statutory tolling ended on January 12, 2011, when the California Court of Appeal denied the petition.

Nieder receives no statutory tolling for the petition in the California Supreme Court because that petition was denied with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). *Robbins* is the California Supreme Court's shorthand to signal that a petition has been rejected as untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to *Robbins* at the page on which opinion discusses timeliness determinations was clear denial on timeliness grounds). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. at 226). As in *Pace*, "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." *Id.* at 417; *see also Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (no statutory tolling for petition rejected as untimely by California Supreme Court because petition was not "properly filed;" fact that California's timeliness rule frequently requires consideration of diligence does not matter); *Thorson*, 479 F.3d at 645 (denial of petition with citation to *Robbins* at the page on which opinion discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). The Supreme Court's denial of Nieder's petition as untimely strips that petition of any tolling effect. Nieder is not entitled to tolling for the days during which the petition was awaiting decision at the California Supreme Court, or for the gap between the denial of the petition in the California Court of Appeal and the filing of the petition in the California Supreme Court. In short, the statutory tolling ended and the one-year limitations period resumed on January 12, 2011, the day the California Court of Appeal denied his petition. He did not file his federal petition until 270 days later, on October 9, 2011.

To summarize: The limitations period began on June 11, 2007 and was immediately equitably tolled until July 31, 2009 when Petitioner was afforded access to the law library. After the equitable tolling event ended, 259 days passed before the limitations period was paused again for

5

statutory tolling. The limitations period was statutorily tolled from April 17, 2010, until January 12, 2011 when the California Court of Appeal denied his petition. After the statutory tolling ended, another 270 days went by before the federal petition was filed on October 9, 2011. Nieder had 365 days to get to federal court, but it took him 529 days to do so. His federal petition was filed more than five months too late. The federal petition must be dismissed because it was not filed before the expiration of the habeas statute of limitations period.

Finally, Nieder argues that his inability to access the law library supports a delayed start to the limitations period. Under § 2244(d)(1)(B), the one-year limitation period starts on the date on which the "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." When the constitutional right alleged to have been violated is that of access to the courts, the delayed start of the limitations period is available only if the impediment prevented the prisoner from filing his claims in any form in any court. *Ramirez v. Yates*, 571 F.3d 993, 1000-01 (9th Cir. 2009) (refusing to allow delayed commencement under 28 U.S.C. § 2244(d)(1)(B) when prisoner filed three state petitions, a state discovery motion, and a federal motion during the relevant time). Nieder has not satisfied this demanding standard.

More importantly, even if the court used a delayed start of the limitations period under § 2244(d)(1)(B), the federal petition would be untimely for the same reason equitable tolling does not save Nieder's federal petition. If a delayed start of the limitations period was used, the one-year period would have started on August 1, 2009, and no equitable tolling would be available for the law library problem that occurred before the limitations period commenced. *Cf. Waldrip*, 548 F.3d at 735 (state petition that would otherwise have tolled limitations period had no tolling effect because it was filed and denied before the limitations period started). Under the § 2244(d)(1)(B) scenario, the one-year period would have started on August 1, 2009, after which 259 days would have passed before the limitations period was statutorily tolled, and another 270 days would have passed after the statutory tolling ended before the federal petition was filed. The federal petition would have been filed after 529 days of untolled time, and would be time-barred under this scenario.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. (Docket # 11.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The Clerk will close the file.

IT IS SO ORDERED.

Dated: November 20, 2012

_____
EDWARD M. CHEN
United States District Judge

7